No. 86, Orig. LOUISIANA v. MISSISSIPPI ET AL. Application of the Special Master for compensation in the amount of $64,829.50 is hereby granted. One-half of this amount shall be paid to the Special Master by the plaintiff and one-half by the defendants. [For earlier order herein, see, e. g., 464 U. S. 888.]

CHIEF JUSTICE BURGER, dissenting in part.

The Special Master has applied for $64,829.50 covering fees for himself and six persons who assisted him, only two of whom were lawyers. The total amount requested can be broken down as follows:

| | | | |
|---|---|---|---|
| Special Master | 143.6 hrs. @ $200 | | $28,720.00 |
| Mr. Witt (assoc. 4 yrs. +) | 240.9 hrs. @ | 125 | 30,112.50 |
| Mr. Amber (1st yr. assoc.) | 11.6 hrs. @ | 70 | 812.00 |
| Others (summer law clerks) | 103.7 hrs. @ | 50 | 5,185.00 |
| | | | $64,829.50 |

A Special Master of this Court is a surrogate of the Court and in that sense the service performed is an important public duty of high order in much the same way as is serving in the Judiciary. I do not suggest that Special Masters should serve without compensation, as for example, Senior Federal Judges have done for a number of years in such cases, but I believe the public service aspect of the appointment is a factor that is not to be wholly ignored in determining the reasonableness of fees charged in a case like this.

The parties apparently agreed with the Special Master as to a rate of $200 per hour for his services; hence no question as to his charge is before the Court. The private defendants and Mississippi have questioned the rates at which the two lawyer associates, and the four nonlawyer assistants were billed, and the total number of hours charged for their services. Mississippi, for example, stated that it has "no objection to the allowance and payment of such fees as this Honorable Court may find equitable . . . taking into consideration the three-day trial and the fact that the legal principles involved in this case have long since been settled by prior decisions of this Court."

I question:

(1) the $125-per-hour charge for assistance of a four-year associate;

(2) the $70-per-hour charge for a one-year associate; and

(3) the $50-per-hour charge for a "summer law clerk."

I assume that the latter is a law student working under the supervision of a member of the Bar. In my view, there is no basis to charge $50 per hour for a student assistant; it is obviously far more than such a student would be paid.

The associate lawyers, unburdened by the managerial or administrative aspects of group law practice, as partners in a large firm often are, should record 1,600 to 2,000 billable hours a year. At the rates charged here for the "four-year" lawyer, taking the mean figure, 1,800 hours at $125 per hour would total $225,000. There is no evidence before us to justify the rate charged. On the same basis, i. e., $70 per hour, the total for the one-year associate, would be $126,000.

I am not unaware of the heavy overhead expenses of a modern law firm: office rental, support staff salaries, computer and other equipment, libraries, insurance, all burden the gross income from the firm's practice. In my view, however, even given these expenses, the rates charged for these associates, absent proof, do not appear to be reasonable.

Absent supporting evidence, there may well be questions as to the total number of hours necessarily devoted to this case by the "associates" and the summer law clerks. I do not doubt that those hours were spent, but the need for them is challenged by the States and possibly some supporting evidence is called for.

More than $5,000 is requested for 100 hours of work by four student clerks. The record shows that almost 60 hours were spent

by one law clerk researching a motion to intervene; this appears to me to be excessive. It might take a law student that long to understand fully all the problems associated with intervention, but it is not reasonable for the client to be charged that price for this sort of research which, in a sense, is education of the student involved.

The fees and expenses charged by a Special Master when allowed by this Court, represent our assurance to the parties that the charges are reasonable and proper. In light of the obvious concern that the defendants have over the fees and hours, and my own reservations about the rates charged for the hours logged by the staff assistants, I am unwilling to have the record show, *sub silentio*, that I approve all of these charges.

I emphasize that I have no question about the professional quality of the Special Master's services but absent evidence, I cannot approve rates charge for staff assistants which I consider to be excessive.

JUSTICE BLACKMUN dissents. He would allow the Special Master a total fee of $40,000.