No. 65, Orig. TEXAS v. NEW MEXICO. Motion of the Special Master for allowance of interim fees and disbursements granted and a total of $34,213.09 is allowed. [For earlier order herein, see, e. g., 468 U. S. 1202.]

CHIEF JUSTICE BURGER, with whom JUSTICE BLACKMUN and JUSTICE REHNQUIST join, dissenting.

In Louisiana v. Mississippi, 466 U. S. 921 (1984), I dissented from an order of the Court granting fees to the Special Master. The basis for my dissent was that the hourly rates at which the Special Master sought fees for work performed by his junior associates, some of whom were only "summer law clerks," were not supported and were unreasonable.

In the present case, the Special Master (who also sat in the Louisiana case) has applied for interim fees in the amount of $33,511. I dissent because the Special Master has elected to give the Court even less information supporting the fee request than he did in Louisiana. The Special Master omits any information concerning the experience levels of the four attorneys for whose services he seeks to charge. (I assume, although it is not so stated, that they are in fact members of the bar, for I cannot believe such a claim would be made for services of any persons not admitted to practice.) We are not informed as to the hourly rates charged for his work and the work of those attorneys. Instead, we are provided only with enough information to conclude that the average hourly rate charged by the attorneys is $140 per hour. The Court and the parties are thus necessarily left to speculate as to whether that average reflects a charge in excess of $100 per hour for work performed only by junior associates.

As I noted in Louisiana,

> "[t]he fees and expenses charged by a Special Master when allowed by this Court, represent our assurance to the parties that the charges are reasonable and proper." Id., at 923.

This applies with equal force where, as here, the parties do not oppose the application. The present application for interim fees

is made by an adjudicator who has yet to adjudicate. I draw no inferences, affirmative or negative, from the fact that the parties have elected not to express their views concerning the Special Master's application.

However, in dissenting in *Louisiana*, I stated:

"A Special Master of this Court is a surrogate of the Court and in that sense the service performed is an important public duty of high order in much the same way as is serving in the Judiciary. I do not suggest that Special Masters should serve without compensation, as for example, Senior Federal Judges have done for a number of years in such cases, but I believe the public service aspect of the appointment is a factor that is not to be wholly ignored in determining the reasonableness of fees charged in a case like this." *Id.*, at 921.

Even if the public service aspect of the function of a Special Master of this Court should not enter into the fixing of fees, I am unwilling to act without being provided with at least as much information as private clients routinely receive from their privately retained counsel. The contending litigants have a right to expect this Court to exercise its independent judgment on fees rather than requiring each or both of them to challenge the amounts.

I would defer action on the application for interim fees until adequate information is provided. Without such data, this Court cannot protect the legitimate public interests implicated.